UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDUARDO ANTONIO JIMENEZ DEL ROSARIO, JAYSON MERCADO, and TANEISHA LEWIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BALDOR SPECIALTY FOODS, INC.,<br><br>Defendant. | Case No. 1:23-cv-03580<br><br>Judge Alvin K. Hellerstein |

**DECLARATION OF RAINA C. BORRELLI IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR
<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

1. I am counsel for Plaintiffs Eduardo Antonio Jimenez Del Rosario, Jayson Mercado, and Taneisha Lewis in the above-captioned case. This declaration supports Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

<u>**LITIGATION BACKGROUND**</u>

2. Plaintiffs Eduardo Antonio Jimenez Del Rosario, Jayson Mercado, and Taneisha Lewis are victims of the Data Incident experienced by Defendant Baldor Specialty Foods, Inc. As such, Plaintiffs are among the approximately 13,882 other current and former employees of Defendant who were affected by the Data Incident.

3. Before filing this case, Plaintiffs' Counsel conducted extensive pre-suit discovery to determine all publicly available details about the cause, scope, and result of the Data Incident, and the damages suffered by the Plaintiffs and the Class.

4. Following Defendant's notification to those affected by the Data Incident and an investigation by Settlement Class Counsel, Plaintiff Eduardo Antonio Jimenez Del Rosario filed this class action lawsuit against Defendant in this Court on April 28, 2023. Plaintiff Jayson Mercado was added as a named-Plaintiff in the amended complaint on May 5, 2023. Plaintiffs sought leave to file a second amended complaint to add Taneisha Lewis as an additional named plaintiff, and that leave was granted over Baldor's opposition; the second amended complaint was filed on October 12, 2023.

5. Plaintiffs allege, on behalf of themselves and a putative nationwide class that, because of the Data Incident, Defendant is liable for negligence, negligence *per se*, breach of implied contract, breach of fiduciary duty, unjust enrichment, and declaratory judgment.

6. On October 26, 2023, Baldor filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Four days after that motion was fully briefed, this Court granted in part and denied in part Baldor's motion to dismiss on December 5, 2023.

7. Following that decision, and recognizing the benefits of early resolution, the parties thereafter began an arms'-length discussion of settlement of this Litigation, communicating their positions while evaluating the strengths and weaknesses of the relevant claims and defenses.

8. Throughout these discussions, Plaintiffs requested, and Defendant produced, key information about the size and residence of the putative class, the types of information affected by the Data Incident, the scope of the Data Incident and how it occurred, and how Defendants responded to the Data Incident.

9. Armed with this information, Plaintiffs were able to engage in these discussions with a deep understanding of the facts of the case, despite the early stage of this litigation.

10. From the start, the parties agreed that they would not negotiate attorneys' fees or service awards until after they reached an agreement on the core terms of the Settlement. As such, Plaintiffs avoided conflict between themselves and Settlement Class Members.

11. While the negotiations were always collegial, cordial, and professional, there is no doubt that they were adversarial in nature, with all parties forcefully advocating the position of their respective clients. Over months of hard-fought negotiations, the Parties reached agreement on terms to settle this Litigation.

12. A term sheet was agreed to on February 6, 2024, and in the weeks that followed, the parties diligently negotiated and prepared the Settlement Agreement, along with accompanying notices, a Claim Form, and proposed orders.

13. The parties agreed that Simpluris would serve as the Settlement Administrator. The parties chose Simpluris because it has a long and proven track record of successfully administrating complex class action settlements. Simpluris estimates the cost of notice to be $24,215.

14. The Settlement was finalized and executed on March 22, 2024. A true and correct copy of the Settlement Agreement and Exhibits is attached as **Exhibit 1**.

15. Settlement Class Counsel has successfully negotiated the Settlement of this matter to the benefit of Plaintiffs and Settlement Class Members.

16. Moreover, Plaintiffs have assisted in the investigation of this case, reviewed and approved pleadings, stayed in contact with Class Counsel, and answered Class Counsel's many questions. Even though Plaintiffs' Private Information was already potentially exposed in the Data Incident, they risked further exposure to represent the class in pursuing claims against their former employer. Plaintiffs are informed of the risks of continued litigation and the benefits of early

resolution. They were each prepared to take on the responsibilities of a class representative, including responding to invasive discovery, being deposed, and testifying at trial. They have no known conflicts with other Settlement Class Members. All Plaintiffs are proposed as Settlement Class Representatives on behalf of the Settlement Class and, like all Settlement Class Members, were impacted by the same Data Incident that Plaintiffs allege caused the same types of injuries.

## COUNSEL'S RECOMMENDATION

17. Counsel has years of experience representing individuals in complex class actions (including data breach class actions). As such, Counsel's depth of experience informed both Plaintiffs' settlement position, and the needs of Plaintiffs and the proposed Settlement Class. While Plaintiffs believe in the merits of their claims, Plaintiffs are also aware that a successful outcome is uncertain—and would be achieved (if at all) only after prolonged, arduous litigation with the attendant risk of drawn-out appeals and the potential for no recovery at all. Based upon Counsel's substantial experience, it is our opinion that the proposed settlement warrants the Court's preliminary approval.

18. After all, this Settlement provides timely and significant relief to Class Members. And the terms of the Settlement are well within the range of those accepted by courts in similar data breach class action settlements.

19. The parties tailored the terms of the Settlement to address the specific potential harms (including out-of-pocket expenses, lost time, and the future risk of identity theft) caused by the Data Incident—thereby reimbursing both economic and non-economic losses.

20. This result is particularly favorable given the risks of protracted and hundreds of individual litigation. Plaintiffs face serious risks given that they must succeed at every juncture,

including prevailing on the merits, proving causation, achieving class certification, maintaining class certification, and surviving appeal.

21. Not only does this Settlement avoid the risks of protracted litigation, but it also provides benefits to the Class Members *today*—as opposed to the mere possibility of future relief.

22. The Settlement's benefits unquestionably provide a favorable result to Class Members. As such, the Settlement is well within the range of acceptable outcomes that satisfy the requirements for preliminary approval.

23. Additionally, the Notice program contemplated by the Settlement provides the best practicable method to reach Class Members. Moreover, this particular Notice program is consistent with the notice programs approved by other courts in similar class actions.

24. Thus, Class Counsel asks the Court to grant preliminary approval of the Settlement Agreement and enter the proposed preliminary approval order.

## COUNSEL'S QUALIFICATIONS

**Raina C. Borrelli, Turke & Strauss LLP**

25. Turke & Strauss LLP is a law firm headquartered in Madison, Wisconsin. It focuses on complex civil litigation with an emphasis in consumer protection, employment, wage and hour, business, real estate, debtor-creditor matters, and class actions.

26. Raina C. Borrelli is a partner in Turke & Strauss LLP's nationwide class action practice. As such, she focuses on litigating complex class actions in state and federal courts—including disputes involving data breaches, the Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection issues.

27. Ms. Borrelli received her J.D. *magna cum laude* from the University of Minnesota Law School in 2011. Prior to joining Turke & Strauss, Ms. Borrelli was a partner at Gustafson

Gluek, where she successfully prosecuted complex class actions in federal and state courts. Ms. Borrelli is an active member of the Minnesota Women's Lawyers and the Federal Bar Association, where she has assisted in the representation of *pro se* litigants though the Pro Se Project. Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services. In recent years, Ms. Borrelli has been substantially involved in a number of complex class action matters in state and federal courts including: *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.).

28.    Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than one hundred data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims—including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In*

6

*re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee); *McLaughlin v. Flagstar*, 22-cv-11470 (E.D. Mich.); *Corra et al. v. Acts Retirement Services, Inc.*, 2:22-cv-02917 (E.D. Pa.); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Goetz v. Benefit Recovery Specialists, Inc.*, Case No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.) (data breach settlement on behalf of 500,000 breach victims); *Kunkelman v. Curators of the University of Missouri, d/b/a MU Health Care*, Case No. 21BA-CV00182 (Mo. Cir. Ct., Boone Cty.); *Baldwin v. Nat'l Western Life Ins. Co.*, 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims).

29. A true and correct copy of the Turke & Strauss LLP Firm Resume is attached as **Exhibit 2**.

**Brittany Resch, Turke & Strauss LLP**

30. Brittany Resch is a partner in Turke & Strauss LLP's nationwide class action practice. She focuses on litigating complex class actions in state and federal courts—including disputes involving data breaches, false advertising, and consumer protection and privacy issues.

31. Since 2022, Ms. Resch has served as an adjunct professor at the University of Minnesota Law School teaching a seminar on e-Discovery. Ms. Resch has substantial experience managing discovery in the firm's complex class action matters.

32. Ms. Resch received her J.D. from the University of Minnesota Law School in 2015, after which she clerked for the Honorable Richard H. Kyle, Senior United States District Judge for the District of Minnesota. Prior to joining Turke & Strauss, Ms. Resch was an associate at Gustafson Gluek, where she prosecuted complex antitrust, consumer protection, and civil rights class actions in federal and state courts. Ms. Resch was named one of the Attorneys of the Year in 2019 by Minnesota Lawyer for her work representing a pro se litigant in federal court through the

Pro Se Project. Ms. Resch was also named a Rising Star in 2020 and 2021 and a 2021 Up & Coming Attorney by Minnesota Lawyer. Ms. Resch assists in the representation of pro se litigants through the District of Minnesota Federal Bar Association's Pro Se Project and has been certified as a North Star Lawyer by the Minnesota State Bar Association for providing a minimum of 50 hours of pro bono legal services (2023, 2021, 2020, 2019).

33.     In recent years, Ms. Resch has been substantially involved in a number of complex class action matters in federal courts including: *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-08637 (N.D. Ill.); *In re Pork Antitrust Litigation*, No. 21-md-02998 (D. Minn.); *In Re: Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES (M.D. Fla.); and *In re Asacol Antitrust Litigation*, No. 15-cv-12730 (D. Mass.).

34.     Ms. Resch most recently has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as counsel on behalf of millions of data breach victims, including *McKittrick v. Allwell Behavioral Health Services*, Case No. CH-2022-0174 (Muskingum County, Ohio) (appointed class counsel for settlement purposes); *Stern v. Academy Mortgage Corp.*, Case No. 2:24-cv-15-DBB (D. Utah); *Hall v. Centerspace, LP*, Case No. 22-cv-2028 (D. Minn.); Morrison v. Entrust Corp., et al., Case No. 23-cv- 415 (D. Minn.); *Batchelor v. MacMillan*, et al., Case No. 157072/2023 (New York County, NY); *Tribbia, et al., v. Hanchett Paper Company*, Case No. 2022 CH 3677 (Cook County, IL); *Benedetto v. Southeastern Pennsylvania Transportation Authority*, No. 210201425 (C.C.P. Phila.); *Corra, et al. v. ACTS Retirement Services, Inc.*, No. 2:22-cv-02917 (E.D. Pa.); *Lamie, et al. v. LendingTree, LLC*, No. 3:22-cv- 00307 (W.D.N.C); and *In re Lincare Holdings Inc. Data Breach Litigation*, No. 8:22- cv-01472 (M.D. Fl.).

Pursuant to 28 U.S.C. § 1746, I declare and sign under penalty of perjury of the United States of America that the foregoing is true and correct.

Executed this 25th day of March, 2024, at Eagan, Minnesota.

Dated: March 25, 2024          By: *Raina C. Borrelli*
                                             Raina C. Borrelli
                                             TURKE AND STRAUSS LLP
                                             613 Williamson Street, Suite 201
                                             Madison, WI 53703
                                             Telephone: (608) 237-1775
                                             Facsimile: (608) 509-4423
                                             raina@turkestrauss.com

                                             *Counsel for Plaintiff and Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that on March 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 25th day of March, 2024.

        TURKE & STRAUSS LLP

  By: */s/ Raina C. Borrelli*
      Raina C. Borrelli
      raina@turkestrauss.com
      TURKE & STRAUSS LLP
      613 Williamson St., Suite 201
      Madison, WI 53703
      Telephone: (608) 237-1775
      Facsimile: (608) 509-4423