# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDUARDO ANTONIO JIMENEZ DEL ROSARIO, JAYSON MERCADO, and TANEISHA LEWIS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BALDOR SPECIALTY FOODS, INC., <br><br> Defendant. | Case No. 1:23-cv-03580 <br><br> Judge Alvin K. Hellerstein |

## [PROPOSED] CORRECTIVE PRELIMINARY APPROVAL ORDER

On March 25, 2024, Plaintiffs filed their Unopposed Motion for Preliminary Approval of Class Action Settlement. Dkts. 60-62. On April 8, 2024, this Court held oral argument on that Motion and requested certain modifications to the Settlement Agreement. On April 18, 2024, Plaintiffs filed their supplemental Unopposed Motion for Preliminary Approval of Class Action Settlement, which amended the class definition and the process for claim dispute resolution in the Settlement Agreement, *see* Dkt. 63-1, the notices and claim form, *see id.*, and the proposed order granting preliminary approval, *see* Dkt. 63-2. On April 22, 2024, this Court granted preliminary approval of the settlement but signed and entered the proposed order from the original motion. See Dkts. 60-1, 63-2, 64. The amended notices were sent to the class.

To fix this clerical error, on July 9, 2024, this Court vacated the April 22 preliminary approval order, Dkt. 64, and entered the July 9 amended preliminary approval order, Dkt. 70. However, because the April 22 order (Dkt. 64) "has been the authorization for notice to the class and other proceedings that are conditions precedent to final approval, the Court held that the

April 22 order (Dkt. 64) would "not be vacated." Dkt. 71. The Court "rejected" the July 9 order

(Dkt. 70), and requested that Class Counsel "submit a corrective order that identifies the changes

to the April 22 Order" (Dkt. 64). *Id.*

This Court hereby corrects the following class definition in the April 22 order (Dkt. 64) –

all other provisions in the April 22 order (Dkt. 64), including the schedule and deadlines set,

remain:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement

provides for a Settlement Class defined as follows:

> All 13,382 individuals ~~residing in the United States whose~~ who were given notice by Baldor that their PII was potentially compromised in the Data Incident discovered by Baldor in February 2023~~, including all those who received notice of the breach~~.

Specifically excluded from the Settlement Class are:

> (1) the judge presiding over this Action, and members of their direct families;
>
> (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

So **ORDERED** and **SIGNED** this __27__ day of ___July___, 2024.

Judge Alvin K. Hellerstein
United States District Court Judge

2

## CERTIFICATE OF SERVICE

I, Brittany Resch, hereby certify that on July 23, 2024, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to counsel of record, below, via the ECF system.

DATED this 23rd day of July, 2024.

STRAUSS BORRELLI PLLC

By: */s/ Brittany Resch*
    Brittany Resch
    STRAUSS BORRELLI PLLC
    One Magnificent Mile
    980 N. Michigan Avenue, Suite 1610
    Chicago IL, 60611
    Telephone: (872) 263-1100
    Facsimile: (872) 263-1109
    bresch@straussborrelli.com