UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDUARDO ANTONIO JIMENEZ DEL ROSARIO, JAYSON MERCADO, and TANEISHA LEWIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BALDOR SPECIALTY FOODS, INC.,<br><br>Defendant. | Case No. 1:23-cv-03580<br><br>Judge Alvin K. Hellerstein |

**NOTICE OF OBJECTION RECEIVED AND PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT**

Plaintiffs Eduardo Anthonio Jiminez Del Rosario, Jayson Mercado, and Taneisha Lewis, on behalf of themselves and the Settlement Class, hereby provide notice to the Court of an objection to the Settlement from Settlement Class Member Jaime A. Diaz O'Neill dated August 15, 2024, and received by Plaintiffs' counsel via email on August 16, 2024. *See* Declaration of Raina Borrelli, Ex. A.

The Settlement remains fair, reasonable, and adequate, meets all the requirements for approval under both Rule 23 and the *Grinnell* factors, and should be approved by this Court. For the reasons detailed below, Plaintiffs respectfully request that the Court overrule this untimely objection and grant final approval to the parties' Settlement as requested in the Unopposed Motion for Final Approval. Docs. 76, 78.

As this Court has held, "[a] positive reaction of the class to the proposed settlement favors its approval by the Court." *Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 663 (S.D.N.Y. 2015). The class's reaction to a proposed settlement is an important factor to be weighed in

considering its fairness and adequacy. *See, e.g., Meredith*, 87 F. Supp. 3d at 663; *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002) ("It is well-settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." (citation omitted)); *Detroit v. Grinnell Corp.,* 495 F.2d 448, 462-63 (2d Cir. 1974). That being said, "[a] certain number of objections are to be expected in a class action like this one with an extensive notice campaign and a potentially large number of class members. If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F.Supp.2d 503, 511 (E.D.N.Y. 2003) (quoting 4 Alba Conte & Herbert Newberg, NEWBERG ON CLASS ACTIONS § 11.41, at 108 (4th ed. 2002) (holding that the "extremely small number of objectors – a mere 18 out of approximately five million Class members—weighs heavily in favor of final approval.")); *see also, e.g., D'Amato v. Deutsche Bank*, 236 F.3d 78, 86- 87 (2d Cir. 2001) (holding that "[t]he District Court properly concluded that this small number of objections [18 where 27,883 notices were sent] weighed in favor of the settlement"); *Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 239 (E.D.N.Y. 2010) ("Of the 11,800,514 class members, only 127 opted out and 24 objected. Such a small number of class members seeking exclusion or objecting indicates an overwhelmingly positive reaction of the class."); *Charron v. Pinnacle Group NY LLC*, 874 F. Supp. 2d 179, 190 (S.D.N.Y. 2012) (approving settlement in a RICO action as "fair, reasonable, and adequate to the class as a whole" where 26,000 tenants received the notice and 118 written objections were received, 141 elected to opt out, there was strident opposition from those who did object and the six named plaintiffs and class representatives did not support the settlement), *aff'd sub nom, Charron v. Wiener*, 731 F.3d 241 (2d Cir. 2013). *Cf. In re Countrywide Financial Corp Customer Data Sec. Breach Litig.*, No. 3:08-md-01998, 2010 WL 3341200, at *7 (W.D. Ky. Aug. 23, 2010)

(approving data breach settlement with 17 million class members, 2,943 opt outs and 89 objections).

The reaction of the Settlement Class here has been overwhelmingly positive, and Mr. O'Neill's untimely objection does not change that analysis.

First, pursuant to the terms of the Settlement Agreement, objections to the Settlement were required to be filed by July 21, 2024, which was 60 days after Notice was sent to the Settlement Class. *See* Doc. 63-1, ¶37; Doc. 64 (Preliminary Approval Order); Doc. 79, ¶12. Mr. O'Neill's objection was dated August 15, 2024, and is thus not timely. Mr. O'Neill was sent direct notice of the Settlement in the form approved by the Court on May 22, 2024, Simpluris sent the Postcard Notice to Jaime A. Diaz O'Neill, to Timesquare Sta., PO Box 698, New York, NY 10108-0698. *See* Suppl. Decl. of Christopher Leung of Simpluris, Inc. Regarding Notice and Settlement Administration ("Simpluris Decl."), ¶3. Mr. O'Neill was then sent a Reminder Notice Postcard on July 22, 2024, to that same address. *Id.* In fact, Mr. O'Neill then proceeded to file two claim forms using the Postcard Claim Form attached to the initial Notice and the Reminder Notice. *Id.* ¶4, Exs. B and C. Both claim forms claimed different benefits. On one of the forms, Mr. O'Neill claimed credit monitoring services and six hours of lost time. *See id.* Ex. B. On the other, Mr. O'Neill claimed for the alternative cash payment. *See id.* Ex. C.

As a result, and contrary to certain statements in the objection, Mr. O'Neill received notice of the Settlement with sufficient time to participate, opt out, or file a timely objection, despite his claim that he did not learn of the Settlement until August 6, 2024. Untimeliness is fatal to this objection. Courts routinely strike objections to class action settlements that are filed after the objection deadline. *See In re Worldcom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 341 (S.D.N.Y. 2005) (waiving late-filed objection as untimely); *accord In re Lithium Ion Batteries Antitrust Litig.*, 2017

3

WL 1086331, at *1 n.1 (N.D. Cal. Mar. 20, 2017) (striking as untimely an objection to a class action settlement filed after the deadline); *In re Beacon Assocs. Litig.*, No. 09 CIV. 3907 CM, 2013 WL 2450960, at *19 (S.D.N.Y. May 9, 2013) (overruling objection to a class action settlement "as untimely and grant[ing] the motion to strike it" where the objection was filed after the deadline).

Second, even if this objection was timely filed, it provides no valid basis for objecting to the Settlement. Mr. O'Neill appears to take issue with the notice process, suggesting it did not comply with due process. However, as detailed by the notice provider, Simpluris, the direct notice program provided by the Settlement Agreement and approved by the Court was effectuated and resulted in direct notice reaching more than 96% of the Settlement Class. *See* Doc. 79, ¶6 (only 475 of the 13,863 notices were undeliverable). Additionally, the Settlement website, https://baldordatabreachsettlement.com/, went live on May 22, 2024, and provided access to the Settlement Agreement, the long form notice, and all other relevant case documents. *Id.* ¶8. The website has received thousands of visitors. *Id.* It is not a "fraud" as Mr. O'Neill suggests and is easily accessible by either entering the URL or by searching for "Baldor data breach settlement." Borrelli Decl., ¶3. Notice was clearly "the best notice practicable under the circumstances," and Mr. O'Neill's attacks on the notice program are unfounded. *Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997).

The remainder of Mr. O'Neill's objection is unclear on the basis for his concerns. He states that the Settlement is "objected to in all its parts." But this does not comply with the objection procedure, which requires a "statement of the specific grounds for the objection." Doc. 63-1, ¶84. For the reasons detailed in Plaintiffs' motion in support of final approval, the Settlement is fair, reasonable, and adequate in all respects. Doc. 78. If the objection is interpreted as stating that the Settlement is not sufficient, such an objection should be overruled. *See, e.g., Ferrick v. Spotify*

4

*USA Inc.*, No. 16-CV-8412 (AJN), 2018 WL 2324076, at *7 (S.D.N.Y. May 22, 2018) ("Objectors' claims that the amount of the settlement is insufficient does not automatically render the settlement inadequate…. [W]hen all of the benefits of the settlement are considered, and in light of the risks of litigation, the amount of the settlement is not unreasonable."); *accord Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 700 (S.D. Fla. 2014) ("[T]o the extent that these objectors believe that they are entitled to additional relief due to unique cases, they were entitled to opt out of the settlement."). The solution for Mr. O'Neill if he feels the Settlement is insufficient, however, was to opt out, as arguing a settlement is "not enough" is not a valid basis for an objection. *Snyder v. Ocwen Loan Servicing, LLC*, No. 14 C 8461, 2019 WL 2103379, at *9 (N.D. Ill. May 14, 2019) (overruling various objectors because "objectors' reservations about the amount of the settlement could have been resolved by simply opting out of the class and filing separate suit"); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 321 (N.D. Cal. 2018) (overruling twenty-eight (28) objections that claimed "the Settlement is too low or otherwise insufficient"; "the positive response from the Class favors approval of the Settlement."); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 497 (N.D. Ill. 2015) (overruling twenty (20) objections that claimed the settlement was inadequate because "[a] class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor."). And in fact, Mr. O'Neill filed two separate claims for relief, suggesting that he viewed them as sufficient. Simpluris Decl., ¶4, Exs. B and C.

When the benefits of this non-reversionary common fund Settlement are compared to the risks of the litigation (including the not insubstantial risk that even a certified class would be decertified – *see In re Marriott Int'l, Inc.*, No. 22-1744, 2023 WL 5313006, at *1 (4th Cir. Aug. 18, 2023)), added expenses, and time and effort associated with continued litigation, it becomes

5

clear the Settlement merits final approval and any objection based on the alleged inadequacy of the Settlement relief should be overruled.

Finally, Mr. O'Neill takes issue with the inability to directly participate in this litigation, including through discovery. But again, as noted above, should Mr. O'Neill wish to pursue separate and individual legal action against Baldor, he should request to opt out from the Settlement rather than object.

For these reasons, Mr. O'Neill's untimely objection should be overruled and the Settlement should be granted final approval as it is fair, reasonable, and adequate.

Dated: August 19, 2024

By: */s/ Raina C. Borrelli*
Raina C. Borrelli (*pro hac vice*)
Brittany Resch (*pro hac vice*)
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com
bresch@straussborrelli.com

James J. Bilsborrow (NY Bar # 519903)
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Telephone: (212) 558-5500
jbilsborrow@weitzlux.com

*Attorneys for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Raina Borrelli, hereby certify that on August 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, below, via the ECF system.

DATED this 19th day of August, 2024.

        STRAUSS BORRELLI PLLC

By: */s/ Raina Borrelli*
    Raina Borrelli
    STRAUSS BORRELLI PLLC
    One Magnificent Mile
    980 N. Michigan Avenue, Suite 1610
    Chicago IL, 60611
    Telephone: (872) 263-1100
    Facsimile: (872) 263-1109
    raina@straussborrelli.com